# John Anstedt, Appellant, *v.* Michael Sutter, Appellee.

## APPEAL FROM ST. CLAIR.

When property is sold without any expectation of immediate payment, it is a sale on credit ; and the length of time for which the payment is deferred, whether one day, or a longer period, is of no consequence.

*Semble :* A contract made in Missouri, and void by the laws of that State, is void here.

This was an appeal case from a justice of the peace, tried in the St. Clair Circuit Court, by the court, by consent, át its March term, 1862. Court found in favor of Sutter, the plaintiff below, $22, for which judgment was rendered, and for costs. Anstedt appeals to this court, and assigns for error, that court below erred in finding for appellee, and in refusing to appellant a new trial.

The bill of exceptions shows that the suit was upon the following account :

"St. Louis, January 6, 1862.

"Mr. John Anstedt to Michael Sutter, Dr.

"To 25 bottles of Rhein Wine, at $1.00 per bottle, - - $25.00."

*Joseph Kreitsinger*, witness for plaintiff, testified as follows in said case : That sometime in February, 1857, he was at the bar-room of the plaintiff in the city of St. Louis and State of Missouri ; that defendant came there with others and treated all present to wine ; that there were about twenty or thirty persons present ; that they drank about twenty or twenty-five bottles of wine ; that each bottle contained about one quart, which was worth one dollar per bottle ; that defendant was partially intoxicated, and that after drinking the wine, plaintiff (Sutter) told him (defendant) that he had drank enough and had better go home, and he went home with his son without paying for the wine. That the wine bought by defendant was intoxicating liquor. That plaintiff (Sutter) was at the time of such sale a regularly licensed dram-shop keeper in the city of St. Louis and State of Missouri, and that the liquor was sold by him at his dram-shop in said city.

Defendant then introduced the Revised Statutes of the

State of Missouri, of 1856, and read in evidence the following section of chapter fifty-seven, entitled "Dram-Shops," as follows: "Sec. 2. A dram-shop keeper is a person permitted, by law, being licensed according to the provisions of this act, to sell intoxicating liquors in any quantity not exceeding ten gallons." Also section five of the same chapter, to wit: "Sec. 5. If any dram-shop keeper shall sell any intoxicating liquors on credit, such sales, and all debts contracted therefor, shall be void and not recoverable by law."

This was all the evidence in the case, upon which the court found for Sutter, $22.

Anstedt moved for a new trial, because the finding was contrary to law and to evidence; which motion was overruled by the court, and to which decision of the court Anstedt excepted at the time.

W. H. Underwood & Lount, for Appellant.

The item proved is different in date from that sued for, and not the same.

Where a contract is void at the place where made, it is void everywhere. 2 Kent Com. 458, 459; Story on Confl. Laws, secs. 242, 243; 4 Gilm. 525.

The court below decided, the case was not within the statute of Missouri, because there was no specific time of credit expressly agreed upon at said sale. The sale is equally on a credit whether there is an express or implied agreement to pay at a future time. Bouvier's Law Dictionary, title Credit, 6th Division.

All sales are upon a credit where there is a delivery, and the vendor trusts the vendee for future payment. In this case the vendor sent the vendee home, relying upon the vendee to pay in the future. If Sutter is no creditor, then he has no cause of action whatever. Bouvier's Law Dict., title Credit.

J. B. Underwood, for Appellee.

The defendant says the sale was not on credit, for these reasons:

1.   All sales are presumed to be for cash unless a credit is proved.

2.   Sutter could have sued Anstedt at once for the wine.

3.   The fact that the appellee told the appellant he had better go home, when he had become drunk, does not prove that the wine when sold to him was sold on credit.

4.   The statute was designed to prevent dram-shop keepers from selling liquor when they know the drinker has not the present means of paying for it.

CATON, C. J.   There is no doubt in our minds that this wine was sold upon a credit, within the meaning of the statute of Missouri.   It certainly was not sold for cash, nor is there anything to show that the plaintiff expected immediate payment for it.   On the other hand, all the circumstances of the case show that he did not expect immediate payment.   He delivered the liquor as called for by the defendant, and then allowed him to depart, without even asking him for the pay, but even advised him to go home, without any allusion to a settlement of the bill.   Whether he expected the defendant would call the next day and pay for it, or whether he expected the credit would run for three months, is a matter of no consequence.   If the liquor was delivered with the design that it should be paid for at a future time, whether a long, or a short, or an uncertain time, it was equally a sale on a credit.

The judgment must be reversed, and the cause remanded.

*Judgment reversed.*